UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:16-CV-1872 (CEJ) |
| MATTHEW WITT and SANDRA WITT, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction. Plaintiff has filed a response in opposition.

I. **Background**

On June 13, 2014, defendants Matthew Witt and Sandra Witt were involved in a two-vehicle accident while riding a motorcycle operated and owned by Matthew Witt. Sandra Witt sustained multiple injuries, including fractures of her cervical spine, ribs, jaw, and wrist. She suffered a concussion and was later determined to have sustained a traumatic brain injury. Her medical bills exceeded $100,000. *Oct. 25, 2016 demand letter* [Doc. # 10-2].

At the time of the accident, the defendants were insured under two policies (the "Ford" policy and the "Chevrolet" policy) issued by plaintiff Safeco Insurance Company of Illinois. Each policy provided underinsured motorist coverage limits of $50,000 for each person and $100,000 for each accident. The driver of the other vehicle involved in the accident was insured under an automobile policy with liability coverage limits of $250,000 per person and $500,000 per accident. In

September 2014, defendants submitted claims for underinsured motorist coverage. Plaintiff initially denied their claims, citing in part the definition of "underinsured motorist coverage." Plaintiff now concedes that defendant Sandra Witt is entitled to the $50,000 underinsured motorist coverage limit.

In a letter dated February 3, 2016, counsel asserted on behalf of Matthew Witt that the policies were ambiguous with respect to whether underinsured motorist coverage was available to him. Counsel advised that failure to pay coverage would result in a lawsuit for vexatious refusal to pay. [Doc. # 10-1]. On October 25, 2016, counsel made a demand on behalf of Sandra Witt for "stacked" underinsured motorist coverage under the Ford policy in the amount of $100,000. Again, counsel warned that failure to provide coverage would result in a suit for vexatious refusal to pay. [Doc. # 10-2]. Plaintiff rejected the demand, but offered to tender $50,000 "unstacked" coverage. On November 21, 2016, defendant Sandra Witt responded with a demand for $150,000, based on the assertion that the Ford policy covered three vehicles and that she was entitled to stack the coverages. She again asserted that she would file a claim for vexatious refusal to pay and seek statutory damages and attorney's fees. [Doc. # 10-3]. On November 28, 2016, plaintiff filed this action for declaratory relief, seeking a declaration that the Ford and Chevrolet policies provide no coverage to Matthew Witt on his claim for underinsured motorist coverage; that the payment of $50,000 exhausts plaintiff's obligations under the policies for Sandra Witt's claim for underinsured motorist coverage; and that the underinsured motorist coverages in the two policies do not stack.

**II.     Legal Standard**

A motion to dismiss for lack of subject matter jurisdiction is authorized by Rule 12(b)(1) of the Federal Rules of Civil Procedure. "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). When a factual challenge is mounted, the court has authority to consider matters outside the pleadings. Osborn v. United States, 918 F.2d 724, 728 n.4 (8th Cir. 1990). When a district court engages in a factual review, it inquires into and resolves factual disputes. Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002). Considering evidence beyond the complaint does not convert a Rule 12(b)(1) motion to a Rule 56 motion for summary judgment. Osborn, 918 F.3d at 730. Here, plaintiff has submitted, and the Court has considered, correspondence the parties exchanged before suit was filed.

### III. Discussion

Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. See 28 U.S.C. § 1332(a). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied, including the requisite federal jurisdictional amount in controversy. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002). "When federal subject matter jurisdiction is based on diversity and amount in controversy, the amount in controversy must be determined from an examination

of the complaint at the time it was filed." Iowa Lamb Corp. v. Kalene Indus., Inc., 871 F. Supp. 1149, 1155 (N.D. Iowa 1994) (citing Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961) (other citations omitted)). And, "subsequent events cannot destroy the court's jurisdiction once it has been acquired." McGuire v. J.B. Hunt Transp., Inc., 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010) (citation omitted). Here, the evidence in the record establishes that plaintiff filed suit after receiving a demand from Sandra Witt for $150,000, based on her contention that the Ford policy provided for stacked coverage, a contention that plaintiff refutes. Thus, plaintiff has met its burden to show that the jurisdictional amount is satisfied.

In support of their motion, defendants submit a document signed by their attorney. The document, titled "Stipulation Regarding Amount in Controversy," states that, "based upon information currently known," the defendants stipulate that "at this time" their claims against plaintiff are "not in excess of $75,000 each, exclusive of interests and costs." [Doc. # 8-1]. Courts have held that an irrevocable stipulation as to the amount in controversy is sufficient to establish the jurisdictional amount. See, e.g., Workman v. Kawasaki Motors Corp., U.S.A., 749 F. Supp. 1010, 1011 (W.D. Mo. 1990). A stipulation sufficient to settle the dispute over the jurisdictional amount must irrevocably state "that the amount of damages claimed . . . in this action 'is and will forever be less' than [$75,000] exclusive of interest and costs." Id. The document submitted here falls far short of this standard. First, it is signed by counsel rather than the defendants and is not signed under penalty of perjury. And, far from irrevocably waiving their right to damages in excess of the jurisdictional amount, the conditional language of the document

suggests that defendants wish to preserve the possibility of recovering more than that amount.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for lack of subject matter jurisdiction [Doc. # 8] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of February, 2017.